Dansen *v.* Johnson.

noticed by the court, in their opinion, was the sixth and is in these words.  " Because the parties agreed, that the day for trial should be settled, and fixed by their counsel, after their return from Trenton, and in violation of such agreement, the plaintiff below without notice to the defendant, proceeded to trial and judgment in his absence." A statement of facts agreed upon by the counsel of the parties and read on the argument of the cause fully sustained the matters contained in this reason.

*E. B. D. Ogden*, for the plaintiff in certiorari.

*A. S. Pennington*, for the defendant.

---

LUKE DANSEN ads. ROBERT G. JOHNSON and ANNA JOHNSON.

A party who is in laches, cannot complain of the neglect or delay of his adversary, arising from that laches.

At the September term, 1829, a rule was obtained by *Jeffers*, the attorney for the defendant, that the plaintiffs shew cause on the first day of the next term, why the verdict should not be set aside and a new trial granted.   At the February term,

Dansen *v.* Johnson.

1832, the following entry is found on the minutes of the court. " The defendant having neglected to prosecute the rule to shew cause, granted in this cause, it is, on motion of *J. M. White*, attorney for plaintiffs, ordered, that the same be discharged and that judgment be entered for the plaintiffs on the postea, with costs. The postea was returned and filed, May term, 1832, as appears by the endorsement of the clerk.

Notice was given by the attorney of the defendant to the attorney of the plaintiffs, that application would be made on the first day of this term, to set aside and discharge the rule entered in the term of February last, and to re-instate the rule to shew cause thereby vacated.

*Wall* in support of the application read the affidavit of the defendant, setting forth, that he had had no information of the discharge of the rule to shew cause, until after the last term, and that he had good cause to set aside the verdict rendered in this case, and that he was, and always had been, anxious to bring on the argument of the rule to shew cause.

*White* contra. This action was tried in June, 1829, and the defendant abandoned the defence on the trial. A rule to shew cause was entered by consent of the parties, and before the filing of the postea. The present application then rests upon the fact, that the transcript was not filed at the term of this court next after the trial. This was not necessary to enable the defendant to obtain his rule to shew cause. A transcript may be supplied if lost.

*Wall* replies. The facts are not denied. The defendant made no defence at the trial, but relied upon the objection then made to the venire, that it did not conform to the style of action. If this be so, how could the defendant verify this exception, till the transcript was returned and filed. The postea must be returned before you can enter judgment nisi. A postea, which has been lost, may be supplied, but this must be done before application for judgment.

By THE COURT. Let the rule for judgment entered at the last February term, be vacated, and the rule to shew cause thereby discharged, re-instated. The defendant could not pursue his rule to shew cause, till the postea was returned and

filed. The plaintifi being in laches ought not to complain of the neglect and delay of the defendant in not following up his rule.